## (July 9, 1973)

■ ISRAEL BESSER et al., Appellants, v. K. L. T. ASSOCIATES, INC., et al., Respondents.— In an action by vendees for specific performance of a contract for the sale of real property, plaintiffs appeal from a judgment of the Supreme Court, Orange County, dated October 30, 1972, which dismissed the complaint after a nonjury trial. Judgment reversed as to defendant Arthur Kabinoff, on the law and the facts, with costs, and case remanded to the trial court for entry of a judgment of specific performance in favor of plaintiffs against said defendant, unless the property has been sold to a bona fide purchaser for value, in which event the trial court shall assess plaintiffs' damages against said defendant and grant judgment therefor. Judgment affirmed as to the other defendants, without costs. It is undisputed that, pursuant to a written contract, defendant Kabinoff agreed to sell and plaintiffs agreed to purchase the real property in question. The parties to the agreement signed their respective copies thereof and, pursuant to oral agreement, deposited them with their respective attorneys to be held in escrow until the closing of title. Plaintiffs proceeded to prepare for the closing by, among other things, negotiating a mortgage and having title searched. As evidenced by communications from defendant Taub, an attorney and an officer of defendant K. L. T. Associates, Inc., of which defendant Kabinoff is the sole shareholder and director, in behalf of Kabinoff, satisfaction of an outstanding mortgage was arranged, a copy of the proposed deed forwarded to plaintiffs and a closing date sought. The date and place were set and plaintiffs appeared, ready, willing and able to perform, but Kabinoff refused to appear or close title. The trial court dismissed the complaint on the ground there was no contract. In our opinion, the contract signatories, by depositing their respective signed contracts in escrow, effected an irrevocable delivery of them. Under the circumstances, a fully enforceable contract was entered into, specific performance of which should have been granted. There appears to be some question as to whether title to the property was transferred to a bona fide purchaser for value during the pendency of this appeal. If there has been such a conveyance, the trial court should determine plaintiffs' damages for the breach of contract and direct judgment in plaintiffs' favor for such damages against defendant Kabinoff. We find nothing in the record that would warrant judgment against defendants Martyn Taub and

K. L. T. Associates, Inc., who were not parties to the contract. Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.